IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VICTOR MANUEL FLORES-GONZALEZ,

    Defendant.                                   Case No. 08-cr-30164-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is the Government's Motion in Limine to Prohibit Defendant From Introducing Evidence Regarding His "Good Faith Belief" That He Could Reenter the United States Lawfully, Subsequent to His Previous Deportation (Doc. 30). Defendant Victor M. Flores-Gonzalez has timely filed his Response (Doc. 32), to which the Government has replied (Doc. 34) and Defendant sur-replied (Doc. 35), making the issue is ripe for determination.

Defendant has been charged with "Illegal Reentry Into the United States by an Aggravated Felon" in violation of **8 U.S.C. § 1326(a)** and **(b)(2)**. The Government anticipates that Defendant will present evidence that he reentered the United States upon a "good faith belief" that he was permitted to do so when he presented and identified himself at a border crossing station and was allowed to

reenter this country. The Government now moves for: (1) a protective order prohibiting Defendant from introducing evidence at trial of his "good faith" belief that he could reenter this country lawfully, subsequent to his previous deportation; and (2) that the Court set a Final Pretrial Conference to allow the Parties to argue the issue (Doc. 30). Responding, Defendant similarly believes that the evidence in this case will show that he presented himself at the Paso Del Norte Port of Entry in El Paso, Texas. Defendant states that he presented truthful identification to the Border Patrol agent, specifically, his I-551 (or "green card"), and was allowed to reenter the United States (Doc. 32, p. 1). Yet, Defendant contends his reentry was legal.

To sustain a charge of illegal reentry by an aggravated felon into the United States, the Government must prove each of the following elements beyond a reasonable doubt:

(1) the Defendant was an alien at the time of the alleged offense;

(2) the Defendant had previously been deported from the United States;

(3) the Defendant was previously deported due to a conviction for the commission of an aggravated felony;

(4) the Defendant knowingly and intentionally reentered the United States; and

(5) the Defendant did not obtain the express consent of the Attorney General of the United States to apply for readmission to the United States after having been deported.

**8 U.S.C. § 1326(a);** *see also United States v. Rea-Beltran*, **457 F.3d 695, 702 (7th Cir. 2006)**; (Doc. 30, p. 2; Doc. 32, p. 4).

Citing to both ***United States v. Carlos-Colmenares*, 253 F.3d 276 (7th Cir. 2001)** and ***United States v. Rea-Beltran*, 457 F.3d 695 (7th Cir. 2006)**, the Government contends that Defendant's "good faith belief" is not a legitimate defense against a violation of **8 U.S.C. § 1326**, because it is regarded as a type of strict liability offense. Reviewing these cases and other relevant case law, the Court agrees that Seventh Circuit precedent clearly holds that a defendant's good faith but mistaken belief that he had permission to reenter the United States after deportation is not a defense. ***See Carlos-Colmenares*, 253 F.3d at 278 (overruling its holding in *United States v. Anton*, 683 F.2d 1011 (7th Cir. 1982) to align with positions taken by majority of other appellate circuits)**. The Court finds no contravening precedential case law or other statutory authority.

While "intent to re-enter" is an element (to safeguard against situations where a defendant may be transported into the country against his will), this is the extent of it. ***Id.*** What is not requisite is that the Government prove Defendant's intent to reenter *without* the Attorney General's express consent. ***Id.*** The Seventh Circuit is very clear that a previously deported alien who wishes to reenter this country legally should not try to confer the Attorney General's "express consent" from "ambiguous circumstances." ***Id.* at 279**. ***Carlos-Colmenares*** went so far as to state that even when a defendant was able to obtain a visa from the American Consulate, this would not amount to "express consent." Accordingly, "[a] person who has been deported from the United States can avoid any risk of violating **8 U.S.C. § 1326** just

by not returning to the United States; he knows he is not welcome. If nevertheless he decides to return, he had better make sure he has the Attorney General's express consent." **Id. at 279-80**. **Rea-Baltran** is a more recent Seventh Circuit opinion, which follows the holding in **Carlos-Colmenares** that even a mistaken belief would not offer a defendant a defense to the charge of violating **§ 1326**. **Rea-Baltran, 457 F.3d at 702**.

Defendant, in his Response, contends that a factual dispute exists regarding whether the Government can prove beyond a reasonable doubt that he failed to obtain the consent of the Attorney General to reapply for admission to the United States after his prior deportation (Doc. 32, p. 4). Further, Defendant believes this factual dispute should be left for a jury to determine. In support, Defendant asserts that his is not a case of "illegal reentry." He claims he did not, for example, present false documents or give a false name to the Border Patrol agent when attempting to reenter the United States at the port of entry. Nor did he attempt to elude inspection of immigration officials or use any other illegal means of reentry into this country (*Id.*). Instead, Defendant contends that he presented his Form I-551 ("green card") to the Border Patrol agent who inspected it and determined it was valid to allow Defendant's reentry. Thus, Defendant argues that his reentry into this country was legal.

In conjunction, Defendant offers the argument that in accordance with **8 C.F.R. § 2.1**, a "port of entry has delegated authority from the United States

Attorney General to process such a waiver" (Doc. 32, p. 5). Further, Defendant asserts that **8 C.F.R. § 212.2** provides that a person who has been deported or removed from the United States can apply for permission to reapply for admission into the United States at any port of entry. Lastly, Defendant attempts to distinguish the ***Carlos-Colmenares*** and ***Rea-Baltran*** cases, arguing that they involved the defendant's *illegal* reentry into the United States, whereas Defendant believes he legally reentered this country (Doc. 32, p. 5).

Defendant's citing of **8 C.F.R. § 212.2** does little to support the argument that his reentry was legal. Rather, the plain language of the regulation disproves it. **8 C.F.R. § 212.2(f)** provides for application for admission at a port of entry and expressly states:

> Within five years of the deportation or removal, or twenty years in the case of an alien convicted of an aggravated felony, an alien may request permission at a port of entry to reapply for admission to the United States. The alien shall file the Form I-212 with the district director having jurisdiction over the port of entry.

**8 C.F.R. § 212.2(f)**.

Here, the record reflects that Defendant was previously deported after being convicted of an aggravated felony. Defendant does not otherwise dispute this in his Response. Defendant states that he only presented his Form I-551 to the Border Patrol agent at the port of entry. By his own admission, he did not follow the proper procedure under **8 C.F.R. § 212.2(f)** in that he failed to file a Form I-212 in order to request permission to reapply for admission to the United States. The

Form I-212 requires the applicant to answer questions pertaining to whether he has previously been arrested, incarcerated, deported, etc. There is also a substantial application fee to accompany the Form I-212 for approval. The Form I-212 is, upon submission, reviewed by the United States Citizenship and Immigration Services Office and the applicant is informed of the decision in writing. Clearly, this process was not followed in the instant case. The Defendant's supposed "factual dispute" is nonexistent.

Additionally, mere presentation of one's green card and permission by a Border Patrol agent does not equate to the requisite permission for reentry. In other words, it will not serve as a valid substitute for applying for readmission into the United States. In **United States v. DeLeon**, the appellate court stated:

> Garcia falls back to an argument that he in fact had express permission to re-enter the country because he did so using his green card, which was issued by the Attorney General and which he says constitutes the requisite permission. . . . Garcia had just been deported, regardless of what name he was using at the time, and he therefore needed the Attorney General's contemporaneous permission before he could legally re-enter. 8 U.S.C. § 1326(a). If Garcia had been deported under his real name, his green card likely would have been revoked, and in any event obviously would not constitute such permission.

**444 F.3d 41, 54 (1st Cir. 2006)**.

Similarly, in **United States v. Leon-Leon**, the court held that because specific intent is not an element of **§ 1326**, evidence that the defendant presented his green card to establish that he reasonably believed he had permission to reenter the United States was not relevant or admissible. **35 F.3d 1428, 1432 (9th Cir. 1994)**. Therefore,

the Court fails to see how Defendant's citation to **8 C.F.R. § 212.2** does anything other than refute his theory that his reentry was legal.

Because the Court does not find Defendant's reentry into the United States to be legal, Defendant's attempts to distinguish the ***Carlos-Colmenares*** and ***Rea-Baltran*** cases are unavailing. The Court believes that these cases are directly applicable to the facts of this case and the holding is clear that Defendant's mistaken belief that he had valid permission to reenter this country will not serve as a valid defense to a violation of **8 U.S.C. § 1326**, where the facts demonstrate he did not obtain the Attorney General's express consent for reentry. The Government, in furtherance of its Motion in Limine, has filed a Reply (Doc. 34), which includes an "Attachment A." Attachment A is a copy of a certified "Certificate of Nonexistance of Record," issued by the St. Louis, Missouri local office of the U.S. Citizenship and Immigration Services, stating that no record was found to exist to indicate that Defendant obtained consent from the Attorney General of the United States or from the Secretary of the Department of Homeland Security for re-admission into the United States. This document also conclusively disproves Defendant's theory that his reentry was legal or that he had somehow obtained the Attorney General's "express consent" through other means.

Finally, Defendant has filed a Sur-Reply (Doc. 35), which is not typically allowed, but for due process reasons, the Court will consider. Defendant argues that the Certificate of Nonexistance of Record, submitted by the Government in its Reply

as Attachment A, refers to other sections in Title 6 of the United States Code. that may or may not apply to Defendant's particular case. Regardless, Defendant questions why the warning he received at the time of his previous deportation does not mention any provision of Title 6 of the United States Code. In support, Defendant attaches the "Warning to Alien Ordered Removed or Deported" form, issued to him on the date of his deportation on August 1, 2005 (Doc. 35, Ex. A). While Defendant is correct in that this form does not mention any provisions under Title 6 of the United States Code, what it *does* state is that Defendant is prohibited from entering, attempting to enter, or being in the United States at any time as he was deported and convicted of an aggravated felony (*Id.*). The form attached as Defendant's Exhibit A further states:

> After your removal has been effected, you must request and obtain permission from the Attorney General to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or office of the United States Immigration and Naturalization Service.
>
> **WARNING: Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States during the period in which he or she is barred from so doing without the Attorney General's consent. Any alien who violates this section of law is subject to prosecution for a felony.**

(Doc. 35, Ex. A.)

Defendant's argument regarding the failure of this form to mention any provision of Title 6 of the United States Code irrelevant, as the sections cited in the

Certificate of Nonexistance of Record deal with the Secretary of Homeland Security's authority to issue visas – something that does not apply to Defendant's current situation. Defendant's arguments in the Sur-Reply also challenges the legality of Defendant's reentry into this country. He argues that the Government, during trial, should still have to prove to a jury the elements of the offense. This, of course, goes without saying. However, unlike Defendant suggests, Defendant's subjective intent regarding whether he thought his reentry was legal is not a requisite element, as previously discussed herein.

Defendant's own exhibit also conclusively supports the Court's rationale for finding Defendant's arguments unavailing. The "Warning to Alien Ordered Removed or Deported" form clearly put Defendant on notice that he would have to reapply for permission to reenter before attempting to reenter the United States, otherwise, he would be subject to criminal prosecution. As the Seventh Circuit stated in **Carlos-Colmenares** upon Defendant's admission to signing a similar warning form, "[i]t is unclear to us what room is left for a defendant to argue plausibly that, while failing to obtain the Attorney General's consent, he had not intended to reenter the country in violation of the law." **253 F.3d at 278**.

For the reasons discussed herein, the Court finds sufficient grounds exist to warrant a finding that Defendant's mistaken belief that he had permission to reenter the United States will not operate as a valid defense to his charged offense. Accordingly, the Government's Motion in Limine (Doc. 30) is **GRANTED**. As such,

Defendant is hereby prohibited from introducing any evidence during trial of his mistaken or good faith belief that his reentry was legal. However, the Court will not grant the Government's request to set this matter for a Final Pretrial Conference, as the Court sees no reason to allow the Parties to further argue this issue, as Defendant has failed to offer a sufficient factual basis to warrant an evidentiary hearing.

**IT IS SO ORDERED**.

Signed this 17th day of April, 2009.

/s/ David R. Herndon

**Chief Judge**
**United States District Court**